**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Gregory M. VERDELL, Defendant–**
**Appellant.**

No. 03–5588.

United States Court of Appeals,
Sixth Circuit.

March 11, 2004.

**58**

Charles P. Wisdom, Jr., Asst. U.S. Attorney, Hydee R. Hawkins, U.S. Attorney's Office, Lexington, KY, for Plaintiff–Appellee.

Patrick F. Nash, Lexington, KY, for Defendant–Appellant.

Before BOGGS, Chief Judge; DAUGHTREY, Circuit Judge; and ALDRICH, District Judge.*

### ORDER

Gregory Verdell appeals his judgment of conviction entered upon his conditional plea of guilty to possessing with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). The parties have waived oral argument. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

A law enforcement officer on routine patrol discovered Verdell's car illegally parked in the traffic lane on a public roadway with no lights on at 1:24 in the morning. The officer observed no one in the area. As he got out of his cruiser, the officer was approached by Verdell. Verdell told the officer that the car was his, that he had run into a co-worker's apartment to use the phone, and that he was getting ready to leave. The officer detected a strong odor of alcohol on Verdell, and Verdell could not produce any identification. Verdell, however, did give the officer his correct name, social security number, and date of birth.

The officer asked Verdell to sit in the parked car while the officer determined whether Verdell possessed a valid driver's license or was the subject of any outstanding warrants. After approximately seven minutes, the officer received the report that Verdell possessed a valid driver's license and was not the subject of any outstanding warrants. The officer approached the parked car to see if Verdell was capable of driving. As he approached, Verdell opened the driver's side door slightly. While speaking with Verdell, the officer looked down and saw lying in the roadway a small plastic sandwich bag containing what appeared to be marijuana. The plastic bag was approximately one foot away from the driver's side car door and had not been there before.

Verdell initially denied that the plastic bag and its contents were his, but he admitted ownership after being informed that the incident was being recorded on videotape. The officer arrested Verdell, searched him, and found $3,307 in his pants pockets. The officer then searched the parked car and found a plastic bag containing approximately twenty-two grams of cocaine, a set of electronic scales, a box of sandwich bags, a white pipe, and an open bottle of liquor.

Verdell moved the district court to suppress the evidence claiming that the detention and search were unlawful. The district court conducted an evidentiary hearing and denied that motion. Thereafter, Verdell entered a conditional guilty plea to possessing with intent to distribute

---

* The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation.

cocaine base in violation of 21 U.S.C. § 841(a)(1) and consented to the forfeiture of property used to commit or facilitate the drug crimes and constituting proceeds derived from the drug crimes pursuant to 21 U.S.C. § 853. Verdell retained the right to appeal the district court's judgment denying his motion to suppress. The district court sentenced Verdell to 120 months of imprisonment and eight years of supervised release. Verdell appeals the district court's judgment denying his motion to suppress.

In his timely appeal, Verdell contends that: 1) the officer's detention of him was unlawful; and 2) the search of his car was unlawful.

In reviewing the district court's denial of a defendant's motion to suppress, we review the district court's findings of fact for clear error and its conclusions of law de novo. *United States v. Bradshaw,* 102 F.3d 204, 209 (6th Cir.1996). When reviewing the denial of a motion to suppress evidence, we consider the evidence in the light most favorable to the government. *United States v. Garza,* 10 F.3d 1241, 1245 (6th Cir.1993).

Upon review, we conclude that the law enforcement officer's detention of Verdell was lawful. Verdell does not challenge his initial detention; rather, he contends that the officer did not have reasonable suspicion to further investigate after the initial investigatory stop.

A traffic stop is analogous to a *"Terry* stop" in that, following the initial stop, the subsequent detention cannot be excessively intrusive and must be reasonably related in time to the investigation. *Berkemer v. McCarty,* 468 U.S. 420, 439, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984); *United States v. Palomino,* 100 F.3d 446, 449 (6th Cir. 1996). To determine whether a detention is reasonable, the court should consider whether the officer's action was justified at its inception, and whether it is reasonably related in scope to the circumstances which justified the interference in the first place. *Id.* (citing *Terry v. Ohio,* 392 U.S. 1, 20, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)).

█ An officer making a traffic violation stop can lawfully detain the driver of a vehicle until after the officer has finished making record radio checks and issuing a citation, because this activity would be well within the bounds of the initial stop. *Bradshaw,* 102 F.3d at 212. The officer in the instant case was justified in detaining Verdell until the status of Verdell's driving privileges could be confirmed. Verdell's car was parked illegally on a public roadway. Therefore, the officer had probable cause to believe that a traffic violation had occurred. Verdell told the officer that he was getting ready to leave, but he could not produce any sort of identification—including a valid driver's license—which is required to operate a motor vehicle. Because the *Terry* stop was justified in the first place, the check of Verdell's driving status was well within the bounds of that stop.

█ The detention did not become unlawful after the officer confirmed Verdell's identity and driving status. Given the circumstances, including the strong smell of alcohol on Verdell, the officer was correct to investigate further. Had he failed to do so, he would have been negligent in his duty. A law enforcement officer has the obligation to detain a person temporarily for the purpose of interrogating him if the officer has a reasonable suspicion about the person. *United States v. Smith,* 574 F.2d 882, 886 (6th Cir.1978). Thus, although the officer was able to confirm that Verdell had a valid driver's license and had no outstanding warrants, the officer was entitled to determine whether Verdell was under the influence of alcohol before allowing him to drive away. While speaking with Verdell in an effort to make that

determination, the officer saw the bag of marijuana near the driver's side door. Thus, the officer was justified in further detaining Verdell to investigate Verdell's connection to the marijuana.

The officer properly arrested Verdell and took him into custody when the latter admitted ownership of the marijuana.

Verdell's second contention is meritless. He contends that the search of his car was unlawful. Because police officers may conduct a search of an automobile after a lawful custodial arrest of the vehicle's occupant, the search of Verdell's car that resulted in the discovery of the drugs was a lawful search incident to arrest. *See New York v. Belton,* 453 U.S. 454, 460, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981).

The district court did not err in denying Verdell's motion to suppress the evidence.

Accordingly, we affirm the district court's judgment.